IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
C.A. No. 1:12-cv-195

| | |
|---|---|
| RASHA ELTAYEB, )<br>                 Plaintiff, )<br>              )<br>vs. )<br>              )<br>PST SERVICES, INC. and ABSOLUTE )<br>COLLECTION SERVICE, )<br>INCORPORATED, )<br>                Defendants. )<br>_____ ) | **AMENDED COMPLAINT**<br>**JURY TRIAL REQUESTED** |

NOW COMES Plaintiff Rasha Eltayeb, by and through counsel, and amends the Complaint in this action with the written consent of the opposing parties, PST SERVICES, INC., and ABSOLUTE COLLECTION SERVICE, INCORPORATED, pursuant to Fed. R. Civ. P. 15(a)(2), by striking the original Complaint in its entirety and now alleging and saying as follows:

### INTRODUCTION:

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and of North Carolina's fair debt collection statutes.

When it enacted the FDCPA, Congress found extensive evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices and to ensure that those debt Collectors who refrain from abusive practices are not competitively

disadvantaged.  U.S. v. National Financial Services, Inc., 98 F.3d 131, 135 (4th Cir. 1996).  The FDCPA specifically prohibits attempts to collect amounts not due.  15 U.S.C. § 1692f(1).

## JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d) and North Carolina law.

2. This action arises out of Defendants' violations of the FDCPA and North Carolina law in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this judicial district because a substantial part of the relevant events occurred here, and Plaintiff resides in this judicial district.

4. This case is brought within one year of the FDCPA violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within four years of the North Carolina Prohibited Practices by Collection Agencies and Prohibited Acts by Debt Collectors violations, in compliance with the statute of limitations at N.C. Gen. Stat. § 75-16.2.

## PARTIES

5. Plaintiff Rasha Eltayeb (hereinafter, "Ms. Eltayeb") is a natural person with a principal residence in the City of Chapel Hill, County of Orange, State of North Carolina.

6. Ms. Eltayeb is a "consumer" and/or a person affected by a violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA") under 15 U.S.C. §§ 1692a(3) and 1692k.

7. Plaintiff is also a "consumer" as defined by North Carolina's Prohibited Practices by Collection Agencies statute (hereinafter, "PPCA") at N.C. Gen. Stat. § 58-70-90(2).

8. Plaintiff is also a "consumer" as defined by North Carolina's Prohibited Acts by Debt Collectors statute (hereinafter, "PADC") at N.C. Gen. Stat. § 75-50(1).

9. Defendant Absolute Collection Service, Incorporated (referred to hereinafter as

"ACS"), is a North Carolina corporation with a principal place of business at 421 Fayetteville Street, Suite 500, Raleigh, NC 27601, and a registered agent for service of process at the same address.

10. ACS is engaged in the business of collecting defaulted medical debts from North Carolina consumers by telephone and mail.

11. ACS was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. With respect to ACS, the alleged debt in this matter is a "debt" as that term is defined by the FDCPA at 15 U.S.C. § 1692a(5).

13. ACS was and is a "collection agency" as defined by the PPCA at N.C. Gen. Stat. § 58-70-15(b) and 58-70-90(1).

14. With respect to ACS, the alleged debt in this matter is a "debt" as that term is defined by the PPCA at N.C. Gen. Stat. § 58-70-90(3).

15. At all times relevant to this Complaint, ACS was engaged in commerce in the State of North Carolina.

16. PST Services, Inc., a wholly owned subsidiary of McKesson Corporation, is a Georgia corporation with a principal place of business at 5995 Windward Parkway, Alpharetta, Georgia 30005, and a registered agent for service of process, The Prentice-Hall Corporation System, Inc., at 327 Hillsborough Street, Raleigh, North Carolina 27603.

17. At all times relevant to this Complaint, PST Services, Inc. (referred to hereinafter as "PST") provided physician practice management services for the University of North Carolina Health Care System (referred to hereinafter as "UNC") under a contract with UNC.

18. Such services included billing, coding, insurance filing, and accounts receivable

3

management.

19. PST was and is a "debt collector" as defined by the PADC at N.C. Gen. Stat. § 75-50(3)

20. With respect to PST, the alleged debt in this matter is a "debt" as that term is defined by the PADC at N.C. Gen. Stat. § 75-50(2).

21. At all times relevant to this Complaint, PST was engaged in commerce in the State of North Carolina.

## FACTUAL ALLEGATIONS

22. In March 2010, Plaintiff Rasha Eltayeb received medical care from UNC after suffering a tragic miscarriage.

23. Ms. Eltayeb's medical care was covered by Medicaid.

24. At the time of her treatment, UNC staff told Ms. Eltayeb that Medicaid would pay her medical bills.

25. At the time of her treatment, UNC staff made copies of Ms. Eltayeb's Medicaid card and identification.

26. At the time of her treatment, UNC did not require Ms. Eltayeb to make any other payment arrangements for medical care.

27. As part of her medical care in March 2010, Ms. Eltayeb received anesthesia.

28. At the time of Ms. Eltayeb's treatment, PST was responsible for filing Medicaid claims for anesthesia services received by UNC patients.

29. PST incorrectly filed the Medicaid claim for the anesthesia services Ms. Eltayeb received from UNC.

30. Because of PST's incorrect filing, Medicaid denied the claim for payment for the

4

anesthesia services.

31. PST failed to notify Ms. Eltayeb in a timely manner that Medicaid had denied the claim.

32. PST failed to take the steps necessary to refile the claim correctly in a timely manner.

33. A patient who is otherwise eligible for Medicaid benefits whose medical bills are not paid because the provider failed to file a claim properly or did not timely submit a claim for payment is not personally responsible to pay the medical bill. 42 C.F.R. § 447.15; 10A NCAC 22J .0106.

34. Approximately a year after her treatment, Ms. Eltayeb began receiving communications from Defendant ACS regarding an alleged outstanding balance of five-hundred and forty-six dollars ($546.00) due to UNC for anesthesia services it had provided to her at the time of the miscarriage.

35. This was the first time that Ms. Eltayeb had heard from anyone any claim that she owed any money for the care she had received at UNC in March 2010.

36. Ms. Eltayeb informed ACS that she had Medicaid coverage for the treatment and that, as a Medicaid patient, she was not responsible for the bill.

37. Ms. Eltayeb thereafter had multiple communications with Defendants ACS and, she believes, PST, regarding the alleged debt, telling them each time that, at the time of the treatment at UNC, she was a Medicaid patient.

38. On some occasions, Ms. Eltayeb was given to understand that the billing problem would be fixed.

39. On other occasions, she was given to understand that it was too late to fix the

5

problem.

40. Despite Ms. Eltayeb's protests, PST, which upon information and belief had placed the bill with ACS, did not recall the bill from collection.

41. Despite Ms. Eltayeb's protests, ACS continued to collect on the bill.

42. The collection attempts were very harassing to Ms. Eltayeb under the circumstances.

43. Ms. Eltayeb also learned that Defendant ACS had reported the bill as a collection account to the credit reporting agency Experian.

44. Ms. Eltayeb had never prior to this event had a collection entry on her credit report.

45. She repeatedly asked the Defendants to correct the credit reporting because the bill was for care covered by Medicaid.

46. Defendant ACS did not remove the item from her credit report, nor did it report any dispute regarding the item to the credit bureaus.

47. During the period that the collection item was on her credit report, Ms. Eltayeb applied several times for loans, but was unable to obtain credit.

48. Upset because the negative item on her credit report was affecting her ability to obtain credit, and unable to reason with Defendants, Ms. Eltayeb sought an attorney.

49. Subsequent to the involvement of the undersigned attorney, Defendant ACS stated in July 2011 that it would report the bill to the credit bureaus as disputed.

50. When Ms. Eltayeb checked her credit report again in September 2011, however, ACS had not updated its reporting.

51. Ms. Eltayeb eventually had to go through a lengthy dispute process with Experian

before the item was removed from her report.

52. Subsequent to the involvement of the undersigned attorney, an agent or employee of PST eventually admitted that Defendant PST had not filed Ms. Eltayeb's Medicaid claim correctly.

53. Upon information and belief, based on the statements of the agent or employee of PST, when the Medicaid claim was finally filed using the correct information, Medicaid denied the claim as untimely.

54. Defendant PST thereafter finally withdrew the account from collection.

55. The ongoing collection attempts also upset Ms. Eltayeb because they continually reminded her and her husband of the very sad event that had given rise to her March 2010 need to seek medical care.

56. As a result of Defendants' actions, Ms. Eltayeb has suffered emotional distress, anxiety, frustration, and inconvenience in attempting to resolve this matter, and has had to hire an attorney.

## CAUSES OF ACTION

### Count One (*As to Defendant ACS*):

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692, *et. seq.*

57. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

58. Defendant ACS has violated the Fair Debt Collection Practices Act by actions that include, but are not limited to, the following:

    a. Defendant ACS, in attempting to collect from Plaintiff a debt that she did not

7

owe, has used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of the FDCPA at 15 U.S.C. § 1692e; has falsely represented the character, amount, or legal status of the alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692e(2)(A); has used false representations or deceptive means to attempt to collect a debt, in violation of the FDCPA at 15 U.S.C. § 1692e(10); and has engaged in unfair or unconscionable means in attempt to collect amounts not permitted by law, in violation of the FDCPA at 15 U.S.C. § 1692f(1).

b. Defendant ACS, in communicating to the credit reporting agencies credit information that it knew or should have known to be false and in failing to communicate that Ms. Eltayeb disputed the debt, used a false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of the FDCPA at 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(8).

59. As a result of Defendant's actions, Plaintiff has suffered emotional distress, anxiety, frustration, and inconvenience in attempting to resolve this matter, has been denied credit, and has had to hire an attorney.

60. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to recover from Defendant ACS actual damages attributable to that Defendant pursuant to 15 U.S.C. § 1692k(a)(1); from Defendant ACS statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count Two (*As to Defendant ACS*):**

**Violations of the North Carolina Prohibited Practices by Collection Agencies**

8

**N.C. Gen. Stat. § 58-70-90,** *et seq.*

61. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

62. At all times relevant, Defendant ACS, acting by and through its officers, agents, employees, or assigns, was engaged in commerce in the state of North Carolina.

63. Defendant has violated the Prohibited Practices by Collection Agencies by actions that include, but are not limited to, the following:

   a. Defendant, in attempting to collect from Plaintiff a debt that she did not owe, has falsely represented the character, extent, or amount of an alleged debt, in violation of N.C. Gen. Stat. § 58-70-110(4) and has engaged in an unconscionable means of debt collection in attempting to extract payment from a Medicaid patient on a bill for which she was not legally responsible, in violation of N.C. Gen. Stat. § 58-70-115.

   b. Defendant, in making to the credit reporting agencies the false accusation that Ms. Eltayeb had not paid or had willfully refused to pay a just debt, has attempted to collect an alleged debt by means of unfair threat, coercion, or attempt to coerce, in violation of N.C.G.S. § 58-70-95(3).

64. Defendant's acts are also unfair and deceptive in violation of N.C.GS. § 75-1.1 in that they offend established public policy, and are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead.

65. As a result of Defendant's actions, Plaintiff has suffered injury including emotional distress, anxiety, frustration, and inconvenience in attempting to resolve this matter, has been denied credit, and has had to hire an attorney.

66. As a result of Defendant's violations of the PPCA, Plaintiff is entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 pursuant to N.C. Gen. Stat. §58-70-130 from Defendant ACS for each violation attributable to Defendant; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

67. Defendant is also liable for punitive damages in that it conducted its wrongful behavior described hereinabove willfully, intentionally, maliciously, and with reckless disregard for Plaintiff's rights and interests.

**Count Three** *(As to PST)***:**

**Violations of the North Carolina Prohibited Acts by Debt Collectors**

**N.C. Gen. Stat. § 58-70-90,** *et seq.*

68. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

69. At all times relevant, Defendant PST, acting by and through its officers, agents, employees, or assigns, was engaged in commerce in the state of North Carolina.

70. Defendant PST, in attempting to collect from Plaintiff a debt that she did not owe, has falsely represented the character, extent, or amount of an alleged debt, in violation of N.C. Gen. Stat. § 75-54(4), and has engaged in an unconscionable means of debt collection in attempting to extract payment from a Medicaid patient on a bill for which she was not legally responsible, in violation of N.C. Gen. Stat. § 75-55.

71. Defendants PST, in making to ACS the false accusation that Ms. Eltayeb had not paid or had willfully refused to pay a just debt, has attempted to collect an alleged debt by means of unfair threat, coercion, or attempt to coerce, in violation of N.C.G.S. § 75-51(3).

10

72. Defendant's acts are also unfair and deceptive in violation of N.C. Gen. Stat. § 75-1.1 in that they offend established public policy, and are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead.

73. As a result of Defendant's actions, Plaintiff has suffered injury including emotional distress, anxiety, frustration, and inconvenience in attempting to resolve this matter, has been denied credit, and has had to hire an attorney.

74. As a result of Defendant's violations of North Carolina's Prohibited Acts by Debt Collectors, Plaintiff is entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 pursuant to N.C. Gen. Stat. §75-56 from Defendant PST for each violation attributable to Defendant; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

75. Defendant is also liable for punitive damages in that it conducted its wrongful behavior described hereinabove willfully, intentionally, maliciously, and with reckless disregard for Plaintiff's rights and interests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rasha Eltayeb prays the Court to:

1. Award her on her First Cause of Action actual damages in an amount to be determined at trial and statutory damages of $1,000.00 from Defendant ACS pursuant to the violations of the Fair Debt Collection Practices Act alleged therein;

2. Award her on her Second Cause of Action actual damages and punitive damages in an amount to be determined at trial and $4000 in statutory damages per violation from Defendant ACS pursuant to the violations of N.C. Gen. Stat. § 58-70-90, et. seq. alleged therein;

3. Award her on her Third Cause of Action, actual and punitive damages in an amount to be determined at trial and $4000 in statutory damages per violation from Defendant PST pursuant to the violations of N.C. Gen. Stat. § 75-50, <u>et. seq.</u> alleged therein;

4. Award her her costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 and 15 U.S.C. § 1692k(a)(3);

5. Award her pre-judgment and post-judgment interest;

6. Grant trial before a jury on all issues so triable; and

7. Grant such other and further relief as the Court deems just and proper.

THIS the 3rd day of July, 2012.

Respectfully submitted,

By: **/s/Suzanne Begnoche**
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC  27516
begnoche@mindspring.com
Telephone: (919) 960-6108
Facsimile: (919) 500-5289

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION
## C.A. No. 1:12-cv-195

| | |
|---|---|
| RASHA ELTAYEB, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PST SERVICES, INC. and ABSOLUTE | ) CERTIFICATE OF SERVICE |
| COLLECTION SERVICE, | ) |
| INCORPORATED, | ) |
| Defendants. | ) |
| _____ | ) |

This is to certify that I have this day electronically filed the foregoing **Plaintiff's Amended Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Counsel for Defendants:

Sean Partrick, Esq.
Yates, McLamb & Weyher, LLP
Attorney for Absolute Collection Service, Inc.
P.O. Box 2889
Raleigh, NC 27602-2889
spartrick@ymwlaw.com

John W. Ormand III
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP.
Attorney for PST Services, Inc.
P.O. Box 1800
Raleigh, NC 27602
jormand@brookspierce.com

W. Michael Dowling
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP.
Attorney for PST Services, Inc.
P.O. Box 1800
Raleigh, NC 27602
mdowling@brookspierce.com

This the 3rd day of July, 2012.

Respectfully submitted,

By: **/s/ Suzanne Begnoche**
SUZANNE BEGNOCHE

Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC 27516
begnoche@mindspring.com
Telephone: (919) 960-6108
Facsimile: (919) 500-5289